## SCHROEPPEL *vs.* REDFIELD.

A bill of discovery, in aid of the complainant's defence in a suit at law, is not a suit in chancery concerning property, within the meaning of the provision of the revised statutes, requiring the court of chancery to dismiss suits concerning property where the matter in dispute does not exceed one hundred dollars.

Where the bill contains a general prayer for relief, as well as for a discovery, the defendant may demur, if it appears upon the face of the bill that the value of the matter in controversy does not exceed one hundred dollars.

If the bill contains no prayer for relief, it will be considered as a bill for discovery merely, although, in the prayer for process of subpœna, the word *decree* is erroneously added to the words usually inserted in a bill of discovery.

Where the loser is sued at law upon a note given upon an illegal bet or wager, he may file a bill in chancery for a discovery of the consideration of the note, in aid of his defence at law, although the amount of the note is less than one hundred dollars.

THIS was an appeal from a decretal order of the vice chancellor of the seventh circuit. The object of the complainant's bill was to obtain a discovery for the purpose of aiding him in his defence to a suit in the supreme court, upon a $50 note. The bill charged that the complainant made a bet that Francis Granger would be elected governor at the general election in the fall of 1832; that the note was put into the hands of Redfield, the defendant in this suit, as a stake holder, and that he was the only person present, except J. H. Colvin with whom the bet was made, when the note was given, or who knew that it was made to secure the payment of the bet; that Colvin, having won the bet, had brought the suit at law, on the note, in the name of Redfield, for the purpose of depriving the complainant of the testimony of the latter; and that the complainant had no means of proving the material and necessary facts to make out his defence, without a discovery from Redfield. The bill contained no prayer for relief. But the prayer for subpœna, instead of concluding in the usual form of a mere bill of discovery, used the word *decree,* instead of, or after, the word *direction,* as in the conclusion of

April 21.

1835.

Schroeppel
v.
Redfield.

the prayer of process upon a bill for relief; so that it read, "and further to stand to, perform, and abide such order, direction and *decree* as to your honor shall seem meet," &c. The defendant demurred to the bill, for want of equity ; which demurrer was overruled by the vice chancellor. From the order overruling the demurrer the defendant appealed.

*J. Edwards,* for the complainant.

*H. Davis, jun.,* for the defendant.

THE CHANCELLOR. The objection that the complainant shows by his bill that a discovery is not necessary, as he can prove, by the testimony of Colvin, all that he seeks to discover, is wholly untenable. Whether a court of law will compel the real plaintiff in the suit to give testimony in favor of the adverse party, appears at least doubtful, since the decision of the supreme court, in the case of *Mauran* v. *Lamb,* (7 *Cowen's Rep.* 174.) But it is not necessary to examine that question here. It is expressly charged in the bill, and that too upon the oath of the complainant, that he has no means of showing and proving the material and necessary facts in his defence to the suit on the note, without the aid of a discovery from the defendant Redfield. And this allegation in the bill being admitted by the demurrer to be true, unless contradicted by other facts stated in the bill, we may reasonably presume that there was some legal difficulty in the way of using Colvin as a witness ; or that the complainant believed he would not testify truly as to the facts within his knowledge, if called as a witness in the suit at law.

The 37th section of the article of the revised statutes relative to the general powers, duties and jurisdiction of this court, (2 *R. S.* 173,) makes it the duty of the court to dismiss every suit concerning property where the matter in dispute, exclusive of costs, does not exceed the value of $100. A mere bill of discovery, in aid of the defence to an action at law, cannot properly be called a suit in this court concerning property. And the vice chancellor of the first circuit, in the case of *Gol-*

*dey* v. *Becker*, (1 *Edw. Ch. Rep.* 271,) accordingly held, that this provision of the statute did not apply to such a bill. That decision has been followed by the vice chancellor of the seventh circuit in the present case; and upon a careful examination of the statute, I have arrived at the conclusion that these decisions are right. The legislature having declared betting, as well as other gaming, unlawful, and authorized the loser to recover back his money, or other property, from the winner, or the stake holder, this court should not unnecessarily give such a construction to the 37th section of the revised statutes, fixing the minimum of suits concerning property in this court, as to render the statutory provisions against betting and gambling nugatory. And they will be nugatory, to the extent of $100 at least, if the winner, by the simple device of taking negotiable notes and suing them in the name of the only witness to the transaction, or in the name of himself and of such witness jointly, can preclude the possibility of a defence. There is no danger that bills of discovery will be filed uselessly, or for trivial matters, as the complainant must always pay his own costs. And he is also liable for the defendant's costs, unless he has distinctly asked for the discovery before the filing of his bill, and all the facts charged in the bill are admitted by the answer.

I do not agree with the vice chancellor, in the opinion expressed in the present case, that a demurrer will not lie to a bill which seeks both a discovery and relief in this court, if it appears, upon the face of the bill, that the amount in controversy is less that $100. By introducing a prayer for relief, the complainant makes it a suit in this court concerning property, and if the value of the demand or property in controversy is less than $100, the statute is imperative that this court shall dismiss such suit with costs to the defendant. The principle of the case of *Higinbotham* v. *Burnet*, (5 *John. Ch. Rep.* 184,) is not applicable to the case of a bill which comes within the 37th section above referred to. In such cases a general demurrer will lie, both as to the discovery and the relief, where the fact that the value of the matter in dispute does not exceed $100 appears from the bill itself.

I do not think, however, that the mistake in the prayer of process, made the bill in this case a bill for relief. The prayer for relief usually precedes the prayer for process; and no relief can be granted upon the ordinary conclusion of the prayer for subpœna. It is nothing more than a prayer for a subpœna to compel the defendant to appear and answer the bill, and abide the decision or determination of the court in such bill. And there is very little difference in the effect of the expression " to abide the further order and *direction* of the court," as used in a mere bill of discovery, or " to abide the further order and *decree* of the court," which usually follows the prayer of process, when either particular or general relief has previously been prayed in the proper form. The imperfect report of the case of *Rose* v. *Gannel*, (3 *Atk. Rep.* 439,) appears to have misled others as well as the vice chancellor. But it appears, by reference to the register's book, that in the end Lord Hardwick made the proper decision in that case, and gave costs as upon a bill of discovery. And in *Hodgins* v. *Scott*, (2 *Moll. Ch. Rep.* 436,) Sir Anthony Hart held that the character of a bill of discovery was not altered, even by the addition to the prayer of process " such other relief as your suppliant may be entitled to," where no relief was prayed in the usual form, and the bill in other respects was a mere bill of discovery. So also, in the recent case of *Angell* v. *Westcombe*, (6 *Sim. R.* 30,) the vice chancellor, Sir Lancelot Shadwell, said that the prayer for general relief was inserted by counsel, and if found in a bill which, in other respects, sought a discovery only, it converted the bill into a bill for relief. But that the words, in the prayer of process : " To stand to and abide such order and decree, &c." were supposed to be inserted by the clerk, and therefore did not make it a bill for relief.

The decretal order of the vice chancellor is affirmed, with costs.